IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

YA SIN COX,                             )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. CIV-23-502-D
                                        )
RANDALL K. MCCARTHY,                    )
                                        )
        Defendant.                      )

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 14]. Plaintiff has responded [Doc. No. 15],[1] and Defendant replied [Doc. No. 16]. The matter is fully briefed and at issue.

This case stems from Plaintiff's contention that he has "a simple invention that can stop GLOBAL WARMING immediately." Compl. [Doc. No. 1] at 4 (emphasis in original).[2] Plaintiff alleges that he was in need of a patent attorney to "approach a huge company that has [his] intellectual property and did not fulfill [their] contract." *Id.* Plaintiff contacted Oklahoma-based law firm, Hall Estill, to assist with his perceived legal issues. *Id.* Plaintiff allegedly spoke with Defendant Randall McCarthy, a shareholder at Hall Estill, who agreed to take Plaintiff's case but then allegedly failed to maintain any contact with

---

[1] On October 27, 2023, Plaintiff sent a letter to the Court, in which he attaches purported evidence and appears to make arguments in response to Defendant's Motion. *See* 10/27/2023 Letter [Doc. No. 15]. The Court filed Plaintiff's letter on October 30, 2023. Because Plaintiff's deadline to file a response to Defendant's Motion has expired, and because Plaintiff's letter appears to take the form of a response, the Court construes Plaintiff's letter as a response to Defendant's Motion and refers to it herein as the "Response."

[2] All citations to page numbers of a pleading reference the ECF file-stamped page number at the top of each page.

Plaintiff. *Id.* Plaintiff further alleges that Defendant did not file Plaintiff's patent as he agreed to do, "sabotaged" his provisional patent, stole his intellectual property, and "overexposed" his intellectual property by conspiring "with his constituents." *Id.* at 5-6. Plaintiff asks the Court to force Defendant to "<u>stop</u> and <u>cease</u> what he's doing with [Plaintiff's] intellectual property" and seeks "at least 5 million dollars from [Defendant] and his firm." *Id.* at 6 (emphasis in original).

It appears that Plaintiff brings claims under: (1) Title VII of the Civil Rights Act of 1964; (2) Title II of the Civil Rights Act of 1964; (3) 18 U.S.C. § 242; (4) 17 U.S.C. § 506; (5) 32 C.F.R. § 776.69; (6) 28 C.F.R. § 77 *et seq.*; and (7) 28 U.S.C. § 530. *See id.* at 3. Defendant argues that Plaintiff fails to state a plausible claim under Fed. R. Civ. P. 8, but, even if the Court disagrees, Plaintiff also fails to state a claim under Fed. R. Civ. P. 12(b)(6). Mot. to Dismiss at 8-15. In response, Plaintiff does not squarely address any of the arguments raised in Defendant's Motion to Dismiss. Instead, Plaintiff vaguely alleges that Defendant "broke the law" by misinforming and misleading Plaintiff into thinking he would file various patent-related documents on Plaintiff's behalf. Pl.'s Resp. at 1.

Upon consideration, the Court holds that Plaintiff fails to state a plausible claim. Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "specific facts are not necessary[,]" the statement must nevertheless "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Even when afforded a liberal construction, Plaintiff's Complaint fails to meet the above-cited standard. The Complaint is difficult to follow, but, at its core, alleges that Defendant failed to file patent-related documents on Plaintiff's behalf. For the reasons set forth in Defendant's Motion to Dismiss, Plaintiff fails to adequately plead a Title VII or Title II claim under the Civil Rights Act of 1964. Title VII, generally, "prevent[s] an employer from discriminating on the basis of [race, color, religion, sex, and national origin] or retaliating against an employee because the employee has opposed that employer's discrimination." *Payne v. WS Servs., LLC*, 216 F. Supp. 3d 1304, 1312 (W.D. Okla. 2016) (paraphrasing added). Title II "protects an individual's 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation' free of discrimination based on race, color, religion, or national origin." *Sussman v. Blazin Wings, Inc.*, No. 2:18-cv-00623-TC-PMW, 2019 WL 4198347, at *3 (D. Utah Aug. 14, 2019) (quoting 42 U.S.C. § 2000a(a)). Plaintiff sets forth no facts that could plausibly support either claim.

Further, the various statutes and regulations Plaintiff cites are inapplicable to Defendant, either because they are criminal statutes not subject to enforcement by private citizens, or because they apply to government attorneys, not attorneys, such as Defendant, at private law firms.[3] Even assuming the statutes and regulations applied to Defendant, the

---

[3] It appears that much of Plaintiff's confusion stems from the statement in Defendant's law firm biography describing Defendant as a "registered U.S. patent attorney." *See* https://www.hallestill.com/our-team/randall-k-mccarthy (last visited Nov. 21, 2023). A U.S. patent

factual bases of Plaintiff's claims are not apparent. Although the Court must liberally construe Plaintiff's pro se Complaint, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has, therefore, failed to state a plausible claim for relief.[4]

### *Conclusion*

For these reasons, Defendant's Motion to Dismiss [Doc. No. 14] is **GRANTED**, and the claims against Defendant Randall K. McCarthy are dismissed without prejudice.

A separate judgment shall be issued accordingly.

**IT IS SO ORDERED** this 27th day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

attorney is not the same thing as a United States Attorney. The former title describes an attorney licensed to practice before the United States Patent and Trademark Office. The latter title describes the chief federal law enforcement officer in a given federal district.

[4] 18 U.S.C. § 242 is a criminal statute, and a "charge thereunder may only [be] initiated by a Federal Grand Jury or a United States Attorney." *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

17 U.S.C. § 506 is a "criminal statute that does not provide a private cause of action." *Ashton-Tate Corp. v. Ross*, 728 F. Supp. 597, 602 (N.D. Cal. 1989).

32 C.F.R. § 776.69 is a subsection within Part 776, which governs "professional conduct of attorneys practicing under the cognizance and supervision of the Judge Advocate General."

28 C.F.R. § 77 *et seq.* governs "ethical standards for attorneys for the government."

28 U.S.C. § 530 is a subsection within 28 U.S.C. Ch. 31, which governs "the Attorney General."